# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A C-M BARNES, Minor.

UNPUBLISHED
November 4, 2014

No. 321322
Washtenaw Circuit Court
Family Division
LC No. 2013-000072-NA

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order assuming jurisdiction over the minor child under MCL 712A.2(b)(1) (abandonment), and the termination of respondent's parental rights pursuant to MCL 712A.19b(3)(*l*) (prior termination).[1] We vacate the trial court's order.

## I. ADJUDICATION

### A. STANDARD OF REVIEW

Respondent contends that the trial court improperly assumed jurisdiction over the minor girl. "Jurisdiction must be established by a preponderance of the evidence." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). We review a trial court's decision to exercise jurisdiction for clear error. *Id.* We review *de novo* questions of statutory interpretation. *In re MU*, 264 Mich App 270, 276; 690 NW2d 495 (2004).

### B. ANALYSIS

At issue in this case is the court's exercise of jurisdiction over the minor girl, who was born in May 2004. Respondent had not cared for the minor child since September 2004, when she was placed in a guardianship with petitioners. In 2013, petitioners moved to terminate respondent's parental rights. In the initial petition, petitioners requested that the trial court assume jurisdiction over the minor child pursuant to MCL 712A.2(b)(1) (abandonment), (4) (failure to comply with court-structured plan), and (5) (failure to support and visit when has the

---

[1] Respondent mother is not a party to this appeal.

-1-

ability to do so).  They also requested termination at the initial dispositional hearing.[2]  However, in the jurisdictional phase, the trial court only ruled on § (b)(1).

At the onset of the joint adjudication trial and termination hearing, the trial court reviewed the jurisdictional grounds, and confirmed with the parties that a guardianship was in place as was a court-structured plan.  The court concluded that, as agreed to by the parties, the jurisdictional grounds were met.  At the conclusion of the proceeding, the trial court made more specific findings regarding the jurisdictional ground of MCL 712A.2(b)(1) (abandonment).  This section provides:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
>> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .
>>
>>> (B) "Without proper custody or guardianship" does not mean a parent has placed the juvenile with another person who is legally responsible for the care and maintenance of the juvenile and who is able to and does provide the juvenile with proper care and maintenance.

The court took note of respondent's criminal record, the threats he made to petitioners, and his lack of stable employment.  However, the trial court improperly assumed jurisdiction pursuant to MCL 712A.2(b)(1).

"The statute speaks in the present tense, and, therefore, the trial court must examine the child's situation at the time the petition was filed."  *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004).  At the time the petition was filed, the minor was well cared for, happy, doing well in school, and regularly attending medical and dental appointments.  She was living in a stable and appropriate environment with her guardians.  There was no indication that she was without proper custody or guardianship, that she was at a substantial risk for harm, or that her guardians had abandoned her.  Thus, the trial court erred in assuming jurisdiction under MCL 712A.2(b)(1).

While petitioners focus on the alternate jurisdictional grounds, and there is evidence in the record of (b)(4) (failure to comply with court-structured plan) and (b)(5) (failure to support

---

[2] Because termination occurred at the initial disposition, respondent's challenge is not a collateral attack.  *In re VanDalen*, 293 Mich App 120, 133 n 2; 809 NW2d 412 (2011).

and visit when has the ability to do so), the trial court did not make any findings regarding allegations in the petition relevant to these grounds. Nor did the trial court make an overarching finding that there was probable cause to believe all the allegations contained in the petition were true. As our Supreme Court has clarified: "The valid exercise of the probate court's statutory jurisdiction is established by the contents of the petition after the probate judge or referee has found probable cause to believe that the allegations contained within the petitions are true." *In re Hatcher*, 443 Mich 426, 437; 505 NW2d 834 (1993).

## II. CONCLUSION

Therefore, we vacate the trial court's order assuming jurisdiction under MCR 712A.19b(1), and remand for the court's findings regarding the alternate grounds of (b)(4) (failure to comply with court-structured plan), and (5) (failure to support and visit when has the ability to do so). We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan

-3-